VENABLE LLP
Angel A. Garganta (163957)
agarganta@venable.com
Amit Rana (291912)
arana@venable.com
Antonia I. Stabile (329559)
astabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:  415.653.3750
Facsimile:  415.653.3755

Attorneys for Defendant
GOETZE'S CANDY COMPANY, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SILVA,<br><br>          Plaintiff,<br><br>   v.<br><br>GOETZE'S CANDY COMPANY, INC.,<br><br>          Defendant. | Case No.<br><br>[Alameda County Superior Court Case No. RG 20071342]<br><br>Assigned to:<br><br>**DEFENDANT GOETZE'S CANDY COMPANY, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**CLASS ACTION**<br><br>Action Filed:  August 20, 2020<br>Removal:       October 14, 2020 |

NOTICE OF REMOVAL

# NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-TITLED COURT:

PLEASE TAKE NOTICE that Defendant Goetze's Candy Company, Inc. ("Goetze's Candy Company"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda, in which it is now pending, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal, and attached hereto as Exhibits 1 and 2 are copies of all process, pleadings, and orders served to date in this case.

## I. PROCEDURAL HISTORY

1. On August 20, 2020, Plaintiff Sabrina Silva ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action, captioned *Sabrina Silva v. Goetze's Candy Company, Inc.*, Civ. Action No. RG20071342, in the Superior Court of the State of California for the County of Alameda (the "Action"). True and correct copies of Plaintiff's Summons and Complaint for Damages and Equitable Relief (the "Complaint") and Civil Case Cover Sheet are attached hereto as Exhibit 1.

2. Service of the Summons and Complaint was completed on September 14, 2020, when Goetze's Candy Company signed the Notice and Acknowledgment of Receipt. *See* Cal. Code Civ. Proc. § 415.30; Notice and Acknowledgment, attached hereto as Exhibit 2.

3. The Complaint alleges that Goetze's Candy Company sells caramel candy products, including Caramel Creams and Cow Tales (collectively, the "Products"), which allegedly contain partially hydrogenated oil. *See* Compl., Ex. 1, at ¶ 3. Plaintiff contends that it is unlawful to sell foods containing partially hydrogenated oil. *Id.* ¶¶ 5-6. Based on these allegations, Plaintiff asserts claims for alleged violations of California's Unfair Competition Law ("UCL") and for Breach of Implied Warranty of Merchantability. *See id.* ¶¶ 104-123.

4. The Complaint seeks relief on behalf of "[a]ll citizens of California who purchased, for household or personal use, caramel candy products containing partially

1  hydrogenated oil manufactured or distributed by Defendant in California between January 1, 2012
2  and December 31, 2017." *See id.* ¶ 96.  Specifically, the Complaint seeks: (1) damages and
3  restitution in the amount of $2 million; and (2) attorney fees and costs "not to exceed $2 million."
4  *Id.* at 18, Request for Relief.
5      5.   Goetze's Candy Company has not filed an Answer or other responsive pleading to
6  the Complaint, and the Parties have not issued or commenced discovery in this Action.
7  **II.   GROUNDS FOR REMOVAL**
8      6.   Plaintiff's claims are removable because the Class Action Fairness Act ("CAFA")
9  provides this Court with jurisdiction.  *See* 28 U.S.C. §§ 1332(d), 1453.  CAFA extends federal
10 jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state
11 different from any defendant (i.e., minimal diversity exists); (2) the putative class consists of
12 more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all
13 claims and exclusive of interests and costs.  *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[1]  Each
14 of these requirements is readily met here.
15     **A.   Minimal Diversity**
16     7.   At least one class member and one defendant are citizens of different states.
17 *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 578 n.6 (2004) ("We understand
18 'minimal diversity' to mean the existence of at least one party who is diverse in citizenship from
19 one party on the other side of the case, even though the extraconstitutional 'complete diversity'
20 required by our cases is lacking.").  Goetze's Candy Company is a citizen of Maryland because it
21 is incorporated in Maryland and has its principal place of business and headquarters in Baltimore,
22 Maryland.  *See* Compl., Ex. 1, at ¶ 10; *see* 28 U.S.C. § 1332(c)(1) (deeming the citizenship of a
23 corporation to be where "it has been incorporated and . . . where it has its principal place of
24 business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that the "principal place
25 of business" is the "nerve center . . . where the corporation maintains its headquarters");
26 Declaration of Mitchell Goetze ("Goetze Decl."), attached hereto as Exhibit 3, at ¶ 3.

---

[1] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure."  *See* 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiff is a citizen of California. *See* Compl., Ex. 1, at ¶ 11.

9. Therefore at least one class member (i.e., Ms. Silva herself) and one defendant (i.e., Goetze's Candy Company) are citizens of different states and the requirements of minimal diversity are met.

**B.     Number of Class Members**

10. Plaintiff brings this case on behalf of "[a]ll citizens of California who purchased, for household or personal use, caramel candy products containing partially hydrogenated oil manufactured or distributed by Defendant in California between January 1, 2012 and December 31, 2017." *See* Compl., Ex. 1, at ¶ 96. In addition, Plaintiff alleges that the Class includes "thousands of individuals." *See id.* ¶ 101. Therefore, CAFA's requirement that the putative class consists of more than 100 members is readily satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     Amount in Controversy**

11. "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). This standard applies even where the state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold. *Id.* (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013)).

12. The amount is controversy is at least $7,118,993, and thus exceeds the $5 million CAFA jurisdictional threshold. *See* Goetze Decl., Ex. 3, at ¶ 8.

13. During the alleged class period, January 1, 2012 through December 31, 2017, Goetze's Candy Company sold $5,695,195 worth of Products to retailers and customers in California during the Class Period.[2] Goetze Decl., Ex. 3, at ¶ 7. Retailers mark up the Products anywhere from 25% to 40%. Taking the most conservative mark-up (25%), the total retail sales actually paid by consumers during the class period is estimated to be $7,118,993.

14. Additionally, Plaintiff seeks an award of attorneys' fees up to $2,000,000. Compl.

---

[2] Goetze's Candy Company, of course, denies any liability to Plaintiff and the putative Class and further denies that they have incurred any recoverable damages.

Section XI.D. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that future attorneys' fees if the plaintiff is successful "must be included in the amount in controversy"). Accordingly, the amount in controversy clearly exceeds the $5 million statutory requirement. *See* 28 U.S.C. § 1332(d)(2).

15. It is irrelevant that Plaintiff's Prayer for Relief attempts to stipulate to seek less than $5 million. Plaintiff's Complaint alleges that "[d]uring the Class Period, Caramel Creams . . . had a value of $0" (Compl., Ex. 1, ¶¶ 91, 121) and that Plaintiff "suffered loss in an amount equal to the amount she paid for Caramel Creams" (Compl., Ex. 1, ¶ 93). Plaintiff further alleges that she "seeks an order for the disgorgement and restitution of all revenue received by Defendant from the sale of Caramel Creams." *Id.* ¶ 115. The Complaint further states that "Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of Caramel Creams' purchase price." *Id.* ¶ 123. Plaintiff thus seeks monetary relief on behalf of all putative class members amounting to the full purchase price of the Product, which exceeds $5 million.

16. Further, even though Plaintiff's Prayer for Relief seeks below $5 million, a plaintiff seeking to represent a putative class cannot evade federal jurisdiction by seeking an amount in controversy that falls below the jurisdictional minimum in the complaint, through plaintiff's stipulation, or through plaintiff's counsel's declaration. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590 (2013); *Rodriguez v. AT & T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Allred v. Frito-Lay N.A., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1725535 (S.D. Cal. Apr. 10, 2018). Although Plaintiff tries to evade federal jurisdiction by seeking less than $5 million in the Prayer for Relief, plaintiff "lacks the authority to concede the amount-in-controversy issue for the absent class members." *Standard Fire*, 568 U.S. at 593. Because the Complaint places the full retail price in controversy by alleging the Products had a "value of $0" and that the Class is entitled to damages and/or restitution in the amount of the full purchase price, the Prayer cannot reduce the amount in controversy below the actual retail sales during the class period to avoid CAFA jurisdiction.

17. Moreover, although the Court may not ultimately award damages amounting to the

full purchase price, that does not change the jurisdictional analysis. "The ultimate inquiry is what is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Plaintiff's Complaint places the full purchase price of the Product at issue. *See* Compl., Ex. 1, ¶¶ 91, 121 ("During the Class Period, Caramel Creams . . . had a value of $0."); ¶ 93 ("Plaintiff . . . suffered a loss in an amount equal to the amount she paid for Caramel Creams."); ¶ 115 ("Plaintiff seeks an order for the disgorgement and restitution of all revenue received by Defendant from the sale of Caramel Creams."); ¶ 123 ("Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of Caramel Creams' purchase price."). Because the total sales during the class period exceeds $5 million, the CAFA jurisdictional threshold is met.

### D. No CAFA Exception Exists

18. Plaintiff bears the burden of showing that an exception to CAFA jurisdiction applies. *See, e.g., Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). No such exception applies here. *See id.* at 1022-23.

### III. THIS NOTICE IS TIMELY FILED

19. 28 U.S.C. § 1446(b) identifies two thirty-day periods for removing an action if removability can be ascertained from the pleadings or other papers: (1) the first is triggered if the "case stated by the initial pleading is removable on its face;" and (2) the second is triggered if the "initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citations omitted).

20. However, the Ninth Circuit has held that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Kuxhausen*, 707 F.3d at 1139 (citation omitted). If a pleading is "'indeterminate' in the sense that the face of the complaint does not make clear whether the required jurisdictional elements [for removal] are present," including under CAFA, the first thirty-day removal period

under § 1446(b)(1) is never triggered. *See id.* (citation omitted).

21. Where, as here, a complaint is not removable on its face and the defendant removes under CAFA based on its own information, the case may be removed at any time. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (concluding that "§§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines").

22. Here, the Complaint demands less than $5 million. Goetze's Candy Company has not received any other pleading or paper from which the amount in controversy can be ascertained. Goetze's Candy Company thus files this Notice of Removal based on its own information and investigation. As such, neither of the thirty-day removal periods under § 1446(b) have been triggered. In any event, Goetze's Candy Company files this Notice of Removal within thirty days of the Complaint being served. Thus, Goetze's Candy Company's Notice of Removal is timely filed.

## IV. ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

23. This Notice of Removal is properly filed in the United States District Court for the Northern District of California, because the Superior Court of the State of California for the County of Alameda is located in this judicial district. *See* 28 U.S.C. § 1441(a).

24. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

25. Consent to federal jurisdiction is not necessary given that the basis for federal jurisdiction is CAFA. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . except that such action may be removed by any defendant without the consent of all defendants.").

26. No previous application has been made for the relief requested herein.

27. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings and orders served upon Goetze's Candy Company in this action, which include the Complaint and

1  Summons, are attached. *See* Exs. 1, 2.

2  28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be
3  promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the
4  State of California for the County of Alameda.

5  29. No admission of fact, law, or liability is intended by this Notice of Removal, and
6  Goetze's Candy Company expressly reserves all defenses, counterclaims, and motions otherwise
7  available to it.

## V. **CONCLUSION**

For the foregoing reasons, Goetze's Candy Company respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of California for the County of Alameda. Goetze's Candy Company further requests such other and further relief as the Court deems appropriate.

Dated: October 14, 2020

VENABLE LLP

By: _____
Angel A. Garganta

Attorneys for Defendant
GOETZE'S CANDY COMPANY, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF SAN FRANCISCO )

    I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is Venable LLP, with postage thereon fully prepaid at 101 California Street, Suite 3800, San Francisco, California.

    On October 14, 2020, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT GOETZE'S CANDY COMPANY, INC.'S** notice of removal of action to federal court  on the interested parties in this action addressed as follows:

| | |
|---|---|
| Gregory S. Weston<br>The Weston Firm<br>1405 Morena Blvd., Suite 201<br>San Diego, CA 92110<br>Telephone: (619) 798-2006<br>Facsimile:  (610) 343-2789<br>greg@westonfirm.com | Attorneys for Plaintiff SABRINA SILVA |

    ☑    **BY ELECTRONIC MEANS (FRCP 5(b)(2)(E)):**  Pursuant to FRCP 5(b)(2)(E), I served the above stated document by electronic means to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  Service by e-mail or electronic means was agreed upon based on an agreement of the parties to accept service.

    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **October 14, 2020**, at San Francisco, California.

_____
Nicholette N. Prince