**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:     (619) 798-2006
Facsimile:      (619) 343-2789

**Counsel for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SILVA,<br><br>           Plaintiff,<br><br>     v.<br><br>GOETZE'S CANDY COMPANY, INC.,<br><br>           Defendant. | Case No: 4:20-cv-07143-YGR<br>Pleading Type: Class Action<br><br>**PLAINTIFF'S MOTION TO REMAND REMOVED ACTION**<br><br>Judge: The Honorable Yvonne Gonzales Rogers<br>Date: January 19, 2021<br>Time: 2:00 p.m.<br>Location: Courtroom 1 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 19, 2021 at 2:00 p.m. in Courtroom 1 of the United States District Court located at 1301 Clay St., Oakland, CA 94612, Plaintiff Sabrina Silva will, and hereby does, respectfully move the Court for an order remanding this action to Alameda Superior Court pursuant to 28 U.S.C. § 1447 on the grounds that controlling new authority finds a plaintiff challenging the use of trans fat, but with no false labeling claims, lacks Article III standing.

## I. Statement of Issues to Be Decided

1) Has Defendant Goetze ("Goetze") alleged facts demonstrating Plaintiff's Article III Standing? (No.)

2) Should the Court remand this action to Alameda Superior Court ? (Yes.)

## II. Introduction and Statement of Relevant Facts

Plaintiff Sabrina Silva filed her Complaint in Alameda Superior Court on August 24, 2020, alleging Goetze's use of artificial trans fat in its candy products constituted a violation of the UCL's unfair and unlawful prongs. *See* Dkt. 1-1. On September 14, 2020, Goetze removed this action to federal court. *See* Dkt. 1.

On December 4, 2020, the Ninth Circuit found a class action bringing the same claims, under the same theories, by the same counsel as Plaintiff here, citing the same scientific studies, lacked Article III standing. *McGee v. S-L Snacks Nat'l*, __ F.3d __, 2020 U.S. App. LEXIS 37856 (9th Cir. Dec. 4, 2020).

"As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.8 (9th Cir. 2018).

## III. Goetze Bears the Burden of Demonstrating Article III Standing.

"Federal jurisdiction rests on 'the irreducible constitutional minimum of standing.'" *In re Glumetza Antitrust Litig.*, 2020 U.S. Dist. LEXIS 229398, at *14 (N.D. Cal. Dec. 5, 2020). "The party invoking federal jurisdiction bears the burden of establishing the elements of Article III jurisdiction." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). *See also Glumetza Antitrust Litig.*, 2020 U.S. Dist. LEXIS 229398, at *14 ("The invoking party must show a concrete, particularized, and actual or imminent (as opposed to conjectural or hypothetical) injury in fact, fairly traceable to the defendant's conduct, which will be redressed by a favorable decision."); *Siglin v. Sixt Rent a Car, Ltd. Liab. Co.*, 2020 U.S. Dist. LEXIS 111621, at *6 (S.D. Cal. June 24, 2020) ("Under *Spokeo*, the party seeking to invoke federal jurisdiction bears the burden of clearly asserting facts demonstrating Article III standing. 136 S.Ct. at 1547. As the removing party, Defendant assumes this burden."). "In the Ninth Circuit, courts 'strictly construe the removal statute against removal' so that 'any doubt as to the right of removal' is resolved in favor of remand." *Siglin v. Sixt Rent a Car, Ltd. Liab. Co.*, 2020 U.S. Dist. LEXIS 111621, at

1

*6 (S.D. Cal. June 24, 2020)

### IV. Goetze Cannot Meet Its Burden With Respect to Article III Standing.

In order to demonstrate Article III standing, a party must show "(1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016). The "the injury-in-fact requirement requires a plaintiff to show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 136 S. Ct. at 1543.

*McGee* is controlling, as the claims, laws, and theory of liability are all the same: using PHO in a food product violated the UCL's unfair and unlawful prongs. *McGee* argued standing based on

> an economic injury because when "purchasing Pop Secret, Plaintiff was seeking products of particular qualities, including products that did not negatively affect blood cholesterol levels or the health of her cardiovascular system, and products made with safe, lawful ingredients." In other words, Ms. McGee did not receive the benefit she thought she was obtaining—a safe and lawful product—but rather received a dangerous and unlawful one. Thus, Plaintiff alleges benefit of the bargain injury.

*McGee,* 2020 U.S. App. LEXIS 37856, at *9. The Ninth Circuit rejected this argument. To establish standing, a party "must do more than allege that she 'did not receive the benefit she thought she was obtaining.'" *McGee*, 2020 U.S. App. LEXIS 37856, at *9. Rather, the party "must show that she did not receive a benefit for which she actually *bargained.*" *McGee v. S-L Snacks Nat'l*, 2020 U.S. App. LEXIS 37856, at *9 (9th Cir. Dec. 4, 2020) (emphasis in original). McGee, like Silva here, did "not contend that Diamond made any representations about Pop Secret's safety." *Id.* This distinguished McGee's claims from trans fat cases like *Hawkins v Kroger*, where the plaintiff makes fraud claims. *Id.* at n. 5 (distinguishing *Hawkins v. Kroger Co.*, 906 F.3d 763 (9th Cir. 2018)) "Absent some allegation that Diamond made false representations about Pop Secret's safety, McGee's benefit of the bargain theory falls short." *Id.* at *10-11. As such, McGee failed to "sufficiently alleged economic injury on either a benefit of the bargain theory or an overpayment theory." *Id.* at *15.

Alternatively, McGee argued "that she has sufficiently alleged an injury in fact because she suffered a number of current physical injuries due to her consumption of Pop Secret." *McGee*, 2020 U.S. App. LEXIS 37856, at *15. Like Silva here, McGee alleged that Pop Secret

2

> "inflame[d] and damage[d] [her] vital organs," "permanently degraded her cognitive abilities," and "substantially aggravat[ed] her age-related cholesterol and insulin dysregulation." Compl. ¶¶ 6, 90, 92. She further alleges that "[t]here is 'no safe level' of PHO or artificial trans fat intake" and that "consuming artificial trans fat in any quantity" causes physical injury.

*McGee*, 2020 U.S. App. LEXIS 37856, at *15. The Ninth Circuit was "not persuaded." Regarding the studies cited in both McGee and in this case, "these allegations are simply too speculative to support standing, even at the pleading stage." *Id.* at *17.

> As the Supreme Court emphasized in *Spokeo, Inc.*, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" 136 S. Ct. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* at 1547 (alteration in original) (quoting *Warth*, 422 U.S. at 518). McGee's allegations do not satisfy that standard.

*McGee*, 2020 U.S. App. LEXIS 37856, at *17.

As noted above, Goetze, as the "party invoking federal jurisdiction, bears the burden of establishing the elements of Article III jurisdiction." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). Goetze cannot meet its burden in light of *McGee*. Silva's Complaint, like McGee's, alleges economic injury from the purchase of a food product containing a dangerous ingredient. Specifically, Silva alleges she "lost money as a result of GCC's conduct because she purchased products that were detrimental to her health and were unfairly offered for sale in violation of federal and California law." Compl. ¶ 88. Just as in *McGee*, Silva's allegations that she purchased products which were detrimental to her health and were unfairly offered for sale in violation of federal and California law are insufficient to confer Article III standing.

Further, like McGee, Silva does not allege that "that she has undergone medical testing or examination to confirm that she suffers from these conditions" associated with consuming artificial trans fat "or that they were caused by her consumption" of Goetze's products. *McGee*, 2020 U.S. App. LEXIS 37856, at *16. Silva's allegations of physical injury thus "necessarily rely on the proposition that the consumption of . . . artificial trans fat over several years *invariably* results in such injuries." *Id.* (emphasis in original). However, the studies cited in Silva's Complaint, which are the same studies that McGee relied on, "do not support this inference." *Id.* Because McGee's substantially identical allegations

do not satisfy Article III, Goetze cannot establish Silva's Article III standing here.

### V. Because Defendant Cannot Meet Its Burden of Demonstrating Article III Standing, Remand Is Appropriate.

"Removal of a civil action from state court to federal court is appropriate only if the federal court has original jurisdiction over the matter." *Siglin v. Sixt Rent a Car, Ltd. Liab. Co*., 2020 U.S. Dist. LEXIS 111621, at *4 (S.D. Cal. June 24, 2020). "Therefore, a federal court *must* remand a removed action back to state court if the federal court lacks subject matter jurisdiction." *Id.* (emphasis in original). *See also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co*., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"'The burden of establishing federal jurisdiction is on the party seeking removal.'" *Siglin*, 2020 U.S. Dist. LEXIS 111621, at *4 (quoting *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999)). Further, "Article III standing is a necessary component of subject matter jurisdiction." *Siglin*, 2020 U.S. Dist. LEXIS 111621, at *5 (quoting *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011)). In light of *McGee*, because there is no Article III standing, the Court "must remand" this "removed action back to state court" because it "lacks subject matter jurisdiction." *Siglin*, 2020 U.S. Dist. LEXIS 111621, at *4. "Remand to state court is appropriate over dismissal because lack of subject matter jurisdiction speaks only to the federal court's lack of power to hear a case." *Siglin*, 2020 U.S. Dist. LEXIS 111621, at *4-5. "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

DATED: December 9, 2020                                         Respectfully Submitted,

                                                                s/ Gregory S. Weston
                                                                **THE WESTON FIRM**
                                                                **Counsel for Plaintiff**

4